UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANCISCO SEGUNDO BUNAY VILLA,
SEGUNDO GARCIA TENESELA, IVAN JAIME
PADILLA SISLEMA, JUAN MARCELO PACA,
SEGUNDO ROBERTO BUNAY VILLA,
VICTOR PABLO GUARACA PUCULPALA,
and SEGUNDO PABLO BUNAY VILLA,
*individually and on behalf of all others similarly
situated*,

                          Plaintiffs,

                - against -

PRIMA CONTRACTING LTD., JORGE OUVINA,
and JOSE OUVINA, *as individuals*,

                         Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 16-6266 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Plaintiffs Francisco Segundo Bunay Villa, Segundo Garcia Tenesela, Ivan Jaime Padilla Sislema, Juan Marcelo Paca, Segundo Roberto Bunay Villa, Victor Pablo Guaraca Puculpala, and Segundo Pablo Bunay Villa (collectively, "Plaintiffs") have filed a motion to amend the complaint (the "Complaint") to add Michael Filippone as a defendant and to compel Defendants Prima Contracting LTD. ("Prima Contracting"), Jorge Ouvina ("Jorge"), and Jose Ouvina ("Jose") (collectively, "Defendants") to produce Filipone's contact information. *See* Plaintiffs' Notice of Motion [DE 62]; Declaration of Roman Avshalumov, Esq. in Support of Plaintiffs' Motion ("Avshalumov Decl.") [DE 63]; Jorge Ouvina Deposition Transcript ("Jorge Tr.") [DE 63-1]; Jose Ouvina Deposition Transcript ("Jose Tr.") [DE 63-2]; Proposed Amended Complaint ("Amended Complaint") [DE 63-3]; Plaintiffs' Motion for an Order Pursuant to FRCP 15

Granting Plaintiffs Leave to Amend the Complaint by Adding Michael Filippone as a Defendant, Compelling Defendants to Produce Contact Information for Michael Filippone, and Awarding Plaintiffs' Counsel Attorneys' Fees ("Pls.' Mem.") [DE 64]. Plaintiffs are also seeking attorneys' fees and costs incurred in filing this motion. *See* Avshalumov Decl. ¶ 1.

Defendants oppose the motion, arguing that it should be denied based on Plaintiffs' lack of due diligence, among other things. *See* Memorandum of Law in Opposition to Plaintiffs' Motion ("Defs.' Opp'n") [DE 65]; Certification[1] of Hamill Patel ("Patel Certif.") [DE 65-1]; Joint Proposed Discovery Plan, attached as "Exhibit A" to Patel Certif.; March 16, 2017 Civil Conference Minute Order ("3/16/17 CCMO"), attached as "Exhibit B" to Patel Certif.; Defendants' Rule 26(a)(1) Initial Disclosures ("Defs.' Initial Disclosures"), attached as "Exhibit C" to Patel Certif.; Defendants' Answers to Interrogatories ("Defs.' Interrog. Answers"), attached as "Exhibit D" to Patel Certif.; Deposition Notices for Jorge Ouvina, Jose Ouvina, and Michael Filippone ("Dep. Notices"), attached as "Exhibit E" to Patel Certif.

## II. BACKGROUND

On November 10, 2016, Plaintiffs filed this putative class action under the Fair Labor Standards Act and New York Labor Laws seeking to recover unpaid overtime wages from Defendants. *See generally* Complaint ("Compl.") [DE 1]. Plaintiffs were employed by Defendant Prima Contracting as construction workers and, according to the Complaint, Jorge and Jose Ouvina are the owners, managers, operators, Chief Executive Officers, Chairmen of the Board, and agents of Prima Contracting. *Id.* ¶¶ 1-8, 22-26, 31-35. On March 16, 2017, the Court

---

[1] Although Attorney Patel refers to this document as his "Affidavit" in the electronic description of this filing, the document itself reflects the heading "Certification." The document is sworn to under penalty of perjury, notwithstanding the fact that it is not notarized. The Court is accepting the document as a sworn statement but will refer to it hereafter as a "Certification" since it is denominated as such.

held an Initial Conference and implemented a Case Management and Scheduling Order ("CMSO").  *See* 3/17/17 Civil Conference Minute Order [DE 17]; Initial CMSO [DE 18].  The Court held in abeyance all depositions and the deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings pending the outcome of Defendants' motion to transfer venue which was then pending before Judge Hurley.  3/17/17 CCMO ¶ 7.  Judge Hurley denied Defendants' motion on April 13, 2017.  4/13/17 Memorandum & Order [DE 22].  In light of Judge Hurley's decision, this Court lifted the stay on depositions.  *See* 4/15/17 Electronic Order.  On August 15, 2017, the Court held a Discovery Status Conference and implemented a Final Scheduling Order.  *See* 8/15/2017 Civil Conference Minute Order [DE 31].  The Court did not set a deadline to add parties and/or amend pleadings.

The parties engaged in discovery and, as of April 10, 2019, "resolved their outstanding discovery issues." Status Report [DE 59].  On April 11, 2019, the Court held a Telephone Status Conference with the parties in anticipation of giving them a new date to file an Amended Pre-Trial Order because the Pre-Trial Order on file was from February 2018.  April 11, 2019 Civil Conference Minute Order ("4/11/19 CCMO") [DE 60] at ¶ 1; *see* Proposed Pretrial Order [DE 34].  However, the Court was advised of an issue which arose during the depositions of Jorge and Jose Ouvina.  *Id.*  Specifically, counsel for **both** sides learned from the Ouvinas that neither of them are the owners of Prima Contracting.  *Id.*  The Court questioned Defendants' counsel as to how this was even possible if his clients were properly vetted at the time he undertook their representation, but his response was not enlightening.  *Id.*  In light of this new information, Plaintiffs sought to amend the Complaint to add the purported owner of Prima Contracting, Michael Filippone, as a defendant.  *Id.* ¶ 2.  Defendants would not stipulate to this amendment.  *Id.*  As such, the Court informed Defendants' counsel that "if any information

3

comes to light showing that the defendants have not been acting in good faith -- including in refusing to consent to this amendment -- then [the Court] will take further action, which may well encompass the prospect of requiring the defendants to bear the costs of the motion practice set in place today." *Id.* The Court then set a briefing schedule for Plaintiffs' motion to amend. *Id.* ¶ 3. Upon motion, the deadlines set forth in the briefing schedule were extended as follows: Plaintiffs' opening motion papers were due May 9, 2019; Defendants' opposition papers were due May 27, 2019; and Plaintiffs' reply papers were due June 6, 2019. *See* Motion for Extension of Time to File Motion to Amend [DE 61]; 5/1/2019 Electronic Order.

### III. STANDARD OF REVIEW

A motion to amend is generally governed by Federal Rule of Civil Procedure ("Rule") 15(a) which provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a); *DaCosta v. City of New York*, No. 15-CV-5174, 2017 WL 5176409, at *8 (E.D.N.Y. Nov. 8, 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018). Whether to grant leave to amend is a decision squarely within the district court's discretion. *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2489 (2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) (Rule 15(a) "gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, No. 14CV6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (citing *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998)); *Allstate Ins. Co. v.*

4

*Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

 This liberal standard requires only that the movant provide "colorable grounds" for the relief sought. See *UMG Recordings, Inc. v. Lindor*, No. CV-05-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); *Alkhatib v. New York Motor Group, LLC*, No. CV 13-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint.") (quoting *Sokolski*, 178 F.R.D. at 396); *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877 (W.D.N.Y. 1992). It is the opposing party who bears the burden to establish that an amendment would indeed be futile. See *Balk*, 2013 WL 6990767, at *5; *Alkhatib*, 2015 WL 3507340, at *7; *Blaskiewicz v. Cty. Of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1988)).

 A motion to amend that seeks to add new parties also implicates Rule 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (quoting *Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 268 F.R.D. 160, 165 (E.D.N.Y.2010)); see also *Williams v. Town of Hempstead*, No. 16-cv-1992 (ADS) (AYS), 2017 WL 4712219, at *2 (E.D.N.Y. Oct. 18, 2017) ("The Court has discretion to determine whether or not to add a party, regardless of the stage of the litigation." (citing *Sullivan ex rel. Pointer, Cleaners & Caulkers Welfare Pension & Annuity Funds v. W. New York Residential, Inc.*, No. 01-cv-7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003))). There is little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion. *Id.* (citing *Garcia*, 268 F.R.D. at 165).

5

Although Defendants do not address Rule 21 in their motion, Defendants contend that the instant motion is not governed by Rule 15, but by Rule 16 which would subject Plaintiffs' motion to a more demanding standard. *See* Defs.' Opp'n at 4-8. Rule 16(b) applies to a motion to amend when the motion is filed after the deadline set by the Court in a scheduling order. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000); *Ricciardi v. Kimco Facilities Servs. Corp.*, No. 10–CV–5731, 2012 WL 6761533, at * 1 (E.D.N.Y. June 12, 2012) adopted by 2013 WL 42416 (E.D.N.Y. Jan.3, 2013); *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011); *Sokol Holdings, Inc., v. BMB Munai, Inc.*, 05–CV–3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009). "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15 and 16)); *see Parker*, 204 F.3d at 340; *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). A motion to join additional parties under Rule 21 is likewise subject to Rule 16's "good cause" requirement if the time to join additional parties has expired. *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019) (citing *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07 Civ. 1178, 2008 WL 781823, at *3 (S.D.N.Y. Mar. 20, 2008)); *Williams*, 2017 WL 4712219, at *2-3; *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, No. 15-CV-2206, 2016 WL 3821310, at *3 n.2 (E.D.N.Y. July 12, 2016) (citing *Lawrence v. Starbucks Corp.*, No. 08 Civ. 3734, 2009 WL 4794247, at *3 n.4 (S.D.N.Y. Dec. 10, 2009)).

To demonstrate that Rule 16 applies here, Defendants point to a "joint proposed Rule 16 Scheduling Order" which suggested the deadline of May 24, 2017 to amend pleadings. *See*

6

Defs.' Opp'n at 6-7.  As noted by Defendants, this proposed order was adopted by the Court "with modifications" and the Court held the deadline to amend pleadings in abeyance pending the outcome of Defendants' motion to transfer venue.  *Id.* at 6; *see* 3/16/17 CCMO ¶ 7; Initial CMSO at 1.  Despite Defendants' contention that May 24, 2017 was the controlling date by which Plaintiffs had to amend their complaint, at no point was this date adopted by the Court.  Since no deadline was set for Plaintiffs to amend their complaint, Rule 16 is inapplicable to Plaintiffs' motion and Rule 15 will guide the Court's inquiry.  *See Magazzu, v. Volmar Servs., Inc.*, No. CV 08-2078, 2009 WL 10688007 (D.N.J. Oct. 7, 2009);  *Hernandez v. Tregea*, No. 2-07-CV-149-FtM-34, 2007 WL 9718756, at *1 (M.D. Fla. Apr. 10, 2007); *see also Magee v. McDonald's Corp.*, No. 16-CV-05652, 2017 WL 5462518, at *1 (N.D. Ill. Nov. 14, 2017) ("As no deadline for amending pleadings has been set, the court analyzes the instant motion under Federal Rule of Civil Procedure 15(a)(2).").

**IV.    DISCUSSION**

    **A.    Leave to Amend**

"[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (citing *Barrows v. Forest Laboratories*, 742 F.2d 54, 58 (2d Cir. 1984) (footnote omitted); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995)).  Defendants contend that they will face undue delay and prejudice if Plaintiffs are granted leave to amend the Complaint to add Michael Filippone as a defendant.  Defs.' Opp'n at 8.  Defendants do not argue that Plaintiffs' proposed amendments are futile.

As to undue delay, Defendants state that "Filippone was named as an individual likely to have discoverable information in [their] [Initial] [D]isclosures" which were provided to Plaintiffs

7

on March 6, 2017.  Thus, Defendants maintain, "Plaintiffs were put on notice at the outset that Michael FIlippone may have been involved in the issues that g[a]ve rise to this lawsuit." *Id.* at 2. Defendants also note that in response to Plaintiffs' interrogatories and document demands served on April 21, 2017, Filippone was "identified . . . as a witness to be called at trial, an employee at Prima Contracting in Human Resources, an individual responsible for the supervision of Plaintiffs, an individual responsible for calculating and paying wages to Plaintiffs, and as an individual having information on the hours worked and wages paid by Defendants." *Id.* at 3.  As such, Defendants argue that Plaintiffs have known of Filippone's involvement in this case for two years and have "had all of the information at their disposal in 2017 and could have confirmed those facts in 2017.  The two . . . year wait is inexplicable and Plaintiffs cannot, nor have they, provided a satisfactory explanation for this delay." *Id.* at 9.

On the other hand, Plaintiffs concede that Filippone was listed on Defendants' Initial Disclosures but note that he was listed "without any description of who he is or what information he possesses." Pls.' Mem. at 2.  Plaintiffs state that they "only learned about Filippone's involvement and assumed ownership of Prima upon deposing [the individual] Defendants on March 14, 2019." *Id.* at 6.  Plaintiffs cite the deposition transcripts of Jose and Jorge Ouvina which demonstrate that Filippone was "the guy who founded Prima," hired both Jorge and Jose Ouvina (in addition to others), determined which payroll services Prima used, issued checks to employees when they purchased materials for Prima projects, and handled "the money [and] payroll." *Id.* at 3-4.  Plaintiffs detail more of Filippone's duties, some of which he carried out concomitantly with Jose and/or Jorge Ouvina.  *See id.*  For example, (1) the Ouvinas, Filippone and other "supers" were responsible for hiring employees, (2) Jorge Ouvina and Filippone would hire subcontractors and have to approve new hires' rates of pay, and (3) if Jose Ouvina chose to

8

terminate an employee or work on the weekends, he would have to first consult Jorge and Filippone and obtain approval. *Id.*

In reviewing the record, the Court points out that Defendants' interrogatory responses identify Michael Filippone as a "Human Resources" employee who "has knowledge of work and employees at the projects." *See* Defs.' Interrog. Answers ¶ 1(t). In addition, Defendants' interrogatory responses also identified Filippone and four others, including Jorge Ouvina, as being responsible for calculating and paying wages. *Id.* ¶ 11. However, the Court is not convinced that Filippone is just a "Human Resources" employee as Defendants characterized him to be, especially in light of the testimony described in Plaintiffs' motion. The Court has confirmed from the record that numerous duties Filippone performed are atypical of a traditional human resources employee. Further, the Court finds the job description for Filippone to be curious in light of Jorge Ouvina having identified himself as an "operations manager" and the record reflecting Filippone possessing even greater authority than Ouvina. *See* Jorge Tr. at 6:20-23. However, despite being advised at the April 11, 2019 conference that Filippone was the purported owner of Prima Contract, the Court is obliged to note that the Ouvinas' testimony does not definitively confirm this information. When Jorge was asked if Filippone is the owner, he replied "I don't know." *Id.* at 11:16:18. Further, when Jorge was asked if he knew who the owner was during his tenure at Prima Contracting, he also stated "I don't know." *Id.* at 11:19-21. Notwithstanding those responses, although Plaintiff was apparently aware of Filippone's existence by means of the Defendants' initial disclosures and discovery responses, there is nothing in the record to suggest that Plaintiffs knew the true extent of Filippone's role at Prima Contracting until the Ouvinas' depositions which would have provided an earlier good faith basis to justify adding him as a defendant. Further discovery will reveal Filippone's

9

ownership interest, if any, in Prima Contracting. As such, the Court does not find that there has been any undue delay on the part of the Plaintiffs.

Even if the Court had found undue delay, however, "delay alone, in the absence of an additional reason such as prejudice to the opposing party, usually does not warrant denial of leave to amend." *Hinds County, Miss. v. Wachovia Bank N.A.*, 885 F. Supp. 2d 617, 626 (S.D.N.Y. 2012) (citing *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234-35 (2d Cir. 1995)). "The party opposing an amendment has the burden of proving that leave to amend would be prejudicial." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 538 (E.D.N.Y. 2010) (citing *Blaskiewicz*, 29 F. Supp. 2d at 137-38). Regarding their claim of prejudice, Defendants argue that they will have to "expend significant additional resources to conduct discovery and prepare for trial," especially if discovery is re-opened because they will also have to "prepare for an additional party at trial at this late stage." Defs.' Opp'n at 9. However, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Bernhard v. Central Parking Sys. of New York*, *Inc.,* 282 F.R.D. 284, 291 (E.D.N.Y. 2012) (quoting *United States v. Continental Ill. Nat'l Bank & Trust of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989)).

Further, given Filippone's role at Prima Contracting and that the proposed amended complaint does not contain any new causes of action, "Defendants unquestionably have 'knowledge of the facts giving rise to the proposed claim[,]' which 'weighs in favor of permitting amendment.'" *Hernandez v. Sikka*, No. 17-CV-4792, 2019 WL 1232092, at *5 (E.D.N.Y. Mar. 15, 2019) (quoting *Murphy v. Suffolk Cty. Cmty. Coll.*, No. 10-CV-0251, 2011 WL 5976082, at *3 (E.D.N.Y. Nov. 29, 2011)). Moreover, although Defendants claim that they will be "forced to expend even more sums to conduct discovery," they fail to specify what the

discovery would entail and what additional cost would be associated with it. Defs.' Opp'n at 9. Consequently, the Court finds that Defendants have not met their burden to demonstrate that they will be prejudiced by the proposed amendment. *See Hernandez*, 2019 WL 1232092, at *5 (holding defendants would not be prejudiced by an amendment where "Defendants make no attempt to describe, much less identify in any manner, the specific discovery needs that would be triggered."); *Amaya*, 285 F.R.D. at 254 ("While Defendants argue that the addition of Canoe 'will necessitate further discovery,' Defendants fail to specify what that discovery is or why it cannot be completed by the existing deadline." (citation omitted)). Accordingly, Plaintiffs' motion to amend their complaint to add Michael Filippone as a defendant is GRANTED. *See Hernandez*, 2019 WL 1232092, at *5. Further, to the extent Plaintiffs seek to compel Defendants to produce Filippone's contact information, as agreed upon by the parties during the deposition of Jorge Ouvina, *see* Jorge Tr. at 57:9-17, that request is likewise GRANTED. Defendants are directed to turn over the Filippone contact information within one week. Plaintiffs' counsel is directed to file the Amended Complaint within one week of receiving that information.

    **B.**    **Attorneys' Fees and Costs**

As noted by the Court at the April 11, 2019 conference, if the record reflected that Defendants acted in bad faith, including in refusing without cause to consent to Plaintiffs' amendment to the Complaint, the Court would take further action such as requiring Defendants to bear the costs of the motion practice that is the subject of this Order. 4/11/19 CCMO ¶ 2. To this point, Plaintiffs request that the Court award them attorneys' fees and costs for having to file this motion. Pls.' Mem. at 9. Plaintiffs do not set forth what standard the Court should apply in evaluating this request. Notwithstanding that fact, pursuant to the Court's inherent power to

11

supervise and control its own proceedings, the bad-faith exception to the "American Rule" -- that litigants generally bear their own litigation expenses -- allows a court to award attorneys' fees where there is "both 'clear evidence' that the challenged actions 'are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes,' and 'a high degree of specificity in the factual findings.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir. 1986)). The imposition of sanctions pursuant to this power requires a finding of bad faith. *Hernandez*, 2019 WL 1232092, at *4 (quoting *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-cv-4762, 2019 WL 111042, at *3 (S.D.N.Y. Jan. 4, 2019)). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the [individual] whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Bad faith may be inferred 'when a party undertakes frivolous actions that are completely without merit.'" *Hernandez*, 2019 WL 1232092, at *4 (quoting *Huebner*, 897 F.3d at 55) (internal quotation marks omitted). "In deciding whether to issue sanctions pursuant to its inherent power, the Court has broad discretion." *Id.* (citing *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018)).

Plaintiffs argue that "there is simply no good faith basis for denying leave to amend to include Filippone as a defendant" because "Defendants cannot possibly claim that any of the bases . . . for denying leave to amend apply in this instance." Pls.' Mem. at 9, In response, Defendants reiterate their arguments in opposition to the motion to amend and contend that fees should not be awarded because "Plaintiffs took no steps whatsoever to ascertain individuals who may qualify as Defendants in this matter until March 2019, despite having all of the information

necessary to make that determination." Defs.' Opp'n at 10. Defendants then ask the Court to award them fees for defending Plaintiffs' motion – relief that is completely unwarranted here. *Id.* Equally compelling, Plaintiffs' justification for the imposition of sanctions does not equate to a showing of bad faith which would justify an award of attorneys' fees. In an attempt to elaborate on their position, Plaintiffs state that "Defendants could have saved Plaintiffs' counsel the time invested in drafting this motion . . . by agreeing to stipulate to Plaintiffs' amending of the complaint, but chose not to do so for reasons unknown to Plaintiffs." Pls.' Opp'n at 9-10. This supposition, too, fails to elaborate any specific actions taken by Defendants to suggest that their decision to refuse to consent to Plaintiffs' amendment was motivated by improper purposes. Thus, Plaintiffs' request for fees and costs is DENIED. *See Hernandez*, 2019 WL 1232092, at *6 n.8 ("As Plaintiffs have identified no support for the theory that Defendants' refusal under the circumstances to consent to the addition of Manmeet as a party defendant constitutes sanctionable conduct, the Court likewise rejects that argument.").

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is GRANTED and Plaintiffs' request for attorneys' fees and costs is DENIED. Plaintiffs shall file their Amended Complaint as directed and Defendants shall answer or move within the time frame set forth in the Federal Rules.

SO ORDERED:

Dated: Central Islip, New York
       May 29, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge